**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

DELTA GULF LLC and
GAYLE DEHAAN

       Plaintiffs,

v.                               CASE NO.:  _____

LEXINGTON INSURANCE COMPANY,

       Defendant.
_____/

**LEXINGTON INSURANCE COMPANY'S NOTICE OF REMOVAL**

       Defendant/Petitioner, Lexington Insurance Company ("Lexington"), petitions

for the removal of Delta Gulf LLC and Gayle Dehaan's Complaint from the Circuit

Court in and for Franklin County, Florida, to the United States District Court for the

Northern District of Florida, Tallahassee Division, pursuant to 28 U.S.C. §§ 1441,

1446, and 1332.

       1.      On July 19, 2019 Plaintiffs filed single count Complaint in the Circuit

Court in and for Franklin County, Florida. A copy of Plaintiffs' Complaint is

attached hereto as composite **Exhibit A**.

       2.      Lexington was served with a copy of Plaintiffs' Complaint on August

2, 2019. *See* Notice of Service of Process, a copy of which is attached hereto as

**Exhibit B**.

3.      The one count Complaint sounds in breach of contract.  Plaintiffs contend that Lexington breached its policy of insurance in handling Plaintiffs' claim for property damage following the October 10, 2018 storm event Hurricane Michael. *See* **Exhibit A**.

4.      Specifically, Plaintiffs allege that they were insured under Lexington policy number 87085583-02, and that Lexington breached the insurance contract. *See* **Exhibit A** at ¶ 14.

5.      Plaintiff Gayle Dehaan is a citizen of Franklin County, Florida. *See* **Exhibit A** at ¶ 2.

6.      Plaintiff Delta Gulf LLC is a registered Florida limited liability corporation with two members, Gayle Dehaan and Douglas Dehaan. *See* Delta Gulf, LLC 2019 annual report, a copy of which is attached hereto as **Exhibit C**.

7.      Both Gayle Dehaan and Douglas Dehaan are citizens of Franklin County, Florida. *See* **Exhibit C**.

8.      Lexington is incorporated in the State of Delaware, and maintains a principal place of business in the Commonwealth of Massachusetts. Therefore, for purposes of defining diversity jurisdiction, Lexington is a citizen of both the Delaware and Massachusetts. 28 U.S.C. § 1332(c)(1).

9.      Because the parties are citizens of different states, there is complete diversity of citizenship among the parties identified in the Complaint. 28 U.S.C. § 1332(a).

10.     The amount in controversy in this action exceeds $75,000.00. *See* August 15, 2019 email to Plaintiff's counsel, a copy of which is attached hereto as **Exhibit D**.

11.     In accordance with 28 U.S.C. § 1446(b), Lexington filed its Notice of Removal of this action within thirty (30) days of being served with Plaintiff's Complaint. Further, Lexington has petitioned for removal this action within one year after the commencement of the Plaintiffs' action. See 28 U.S.C. § 1446(c).

12.     As required by 28 U.S.C. § 1446(a) and Northern District Local Rule 7.2(A), true and legible copies of "all process, pleadings, and orders" served upon Lexington in this action are submitted herewith. Copies of these documents are attached hereto as composite **Exhibit E**.

13.     As required by 28 U.S.C. § 1446(d), Lexington is providing Plaintiffs with a copy of this Notice of Removal, and filing a copy of this Notice of Removal with the clerk of court for Franklin County, Florida.

14.     Lexington has paid the removal fee contemporaneously with the filing of this Notice of Removal.

15.     By filing this Notice of Removal, Lexington does not waive, and hereby reserves all defenses and objections to Plaintiffs' Summons and Complaint including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

Wherefore, Defendant, Lexington Insurance Company, respectfully requests that the action now pending against Lexington in the Circuit Court, in and for Franklin County, Florida, be removed to the United States District Court, Northern District of Florida, Tallahassee Division, and that this Court assume full jurisdiction over the cause as provided by law, and grant such further relief that this Court deems just and proper.

## MEMORANDUM OF LAW

### I.     Legal Standard Governing Diversity Jurisdiction

Any civil action brought in state court may be removed by the defendants to federal court, in the district and division embracing the place where such action is pending, if the action would have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motor Corp.*, 234 F.3d 514, 517 (11th Cir. 2009); *Rudnick v. Sears and CO.*, 358 F.Supp.2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, none of the properly joined and served defendants can be a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). The matter in controversy must be between citizens of

different states. *See* 28 U.S.C. § 1332(b). Furthermore, the amount in controversy must exceed $75,000, exclusive of interests and costs. *Id.*

In addition, where the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, the only remaining question is whether the removing party has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. According to 28 U.S.C. § 1446(b)(3), "…if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Case. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla. 1978).

## II.    Complete Diversity

The statutory requirements for diversity are met for purposes of removing Plaintiffs' action from state court to the United States District Court for the Northern District of Florida, Tallahassee Division. There is complete diversity of citizenship among the parties identified in Plaintiffs' Complaint. Specifically, as alleged in Plaintiffs' Complaint, Plaintiffs are citizen the State of Florida, while Defendant is a citizen of both the State of Delaware and the State of Massachusetts. Accordingly,

the parties are citizens of different states, and there is complete diversity. *See* 28 U.S.C. § 1332.

## III.    Amount in Controversy

The statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, is also satisfied because the Plaintiffs seek damages in excess of $75,000. As set forth in greater detail below, although Plaintiffs have not pled an amount certain as damages in this case, emails between the parties and the law governing the determination of the amount in controversy clearly indicate that the amount in controversy exceeds $75,000.

### A. Standard for Determining Amount in Controversy.

Where, as here, the Complaint is silent regarding the amount in controversy, other than alleging that the claim is in excess of $15,000 for the purposes of Florida Circuit Court jurisdiction, the removing party must prove by a preponderance of evidence that the amount in controversy meets the jurisdictional requirements. *William v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). However, a defendant seeking removal is not obligated to "banish all uncertainty" about the amount in controversy, and the use of reasonable inferences and deductions are permissible to show the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). In determining the amount in controversy, Courts should consider summary judgment type evidence including "affidavits,

declarations, or other documentation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

Importantly, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). *See Davis Tune, Inc. v. Precision Franchising, LLC.*, 2005 U.S. Dist. LEXIS 38940, at *7, 2005 WL 1204618 (N.D. Fla. May 20, 2005) ("However, where a grant of attorney's fees is specifically allowed by statute, such fees are considered part of the amount in controversy for jurisdictional purposes.").

As set forth in paragraph sixteen (16) and the "wherefore" clause of the Complaint, Plaintiffs are seeking an award of attorney's fees pursuant to §§627.428, 626.911, and 626.9373, Florida Statutes. If Plaintiffs prevail against Lexington, Plaintiffs would be entitled to seek an award of attorney's fees. Accordingly, Plaintiffs' attorney's fee claim must be included in determining the amount in controversy. *See e.g. DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013) ("If [Plaintiff] were to prevail, it would be entitled to an award of attorney's fees under Section 627.428. So the inclusion of attorney's fees in the calculation of the amount in controversy is appropriate."); *Harris v. Metro. Life Ins. Co.,* No. 3:05CV363/RV, 2005 U.S. Dist. LEXIS 50920, at *3, 2005 WL 2897931 (N.D. Fla. Nov. 2, 2005) ("In this case, if Plaintiff were to prevail, she

would be entitled to an award of attorneys' fees under Section 627.428. The inclusion of such an award in the amount in controversy calculation is, therefore, appropriate.").

In determining the reasonable attorney's fees to include in an amount in controversy analysis, Court's "estimate the reasonable attorney's fees through trial." *Schmidt v. Pantry, Inc.*, No. 1:11-CV-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530 at *13 (N.D. Fla. Mar. 6, 2012), *report and recommendation adopted*, No. 1:11CV228-SPM/GRJ, 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012); *Lambert v. Zurich Am. Ins. Co.*, No. 1:15CV71-MW/GRJ, 2015 U.S. Dist. LEXIS 191359 at *3, n. 3 (N.D. Fla. July 29, 2015) (recognizing circuit split but concluding "[i]t appears that the weight of authority supports that potential attorney's fees should be calculated."); *see e.g. Davis Tune, Inc. v. Precision Franchising, LLC.*, 2005 U.S. Dist. LEXIS 38940, at *8, 2005 WL 1204618 (N.D. Fla. May 20, 2005) (applying the reasonable fees through trial standard); *accord Wood v. Star-Med, LLC*, No. 3:16-cv-1393-J-39JBT, 2017 U.S. Dist. LEXIS 116435, at *9 (M.D. Fla. May 30, 2017); *Hoskins v. Foremost Ins. Co.*, No. 5:13-cv-353-Oc-22PRL, 2013 U.S. Dist. LEXIS 195378, at *5 (M.D. Fla. Sept. 17, 2013); *Dobrowski v. Allstate Indem. Co.*, No. 1:11-cv-00179-MP-GRJ, 2011 U.S. Dist. LEXIS 146877, at *2-3 (N.D. Fla. Dec. 21, 2011); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla.

2008); *Wheeler v. Allstate Floridian Indem. Co.*, No. 3:05cv208/MCR/EMT, 2006 U.S. Dist. LEXIS 29207, at*11, n.13 (N.D. Fla. Apr. 26, 2006).

Accordingly, in determining the amount in controversy, this Court should consider the reasonable attorney's fees to be incurred through litigation in this matter.

### B. The Amount in Controversy Exceeds $75,000

Plaintiffs have not pled an amount certain as damages in this action, and instead has generally alleged that damages are "in excess of $15,000.00, exclusive of court costs, attorney's fees, and interest[.]" *See* **Exhibit A** at ¶ 1. However, the emails between the parties establish that the amount in controversy exceeds $75,000. *See* **Exhibit D**. As such, Plaintiffs' alleged damages in this action exceed $75,000.

Moreover, Plaintiffs have alleged statutory entitlement to attorneys' fees in this action. *See* **Exhibit A** at ⲡ 16. Accordingly, this Court should consider the reasonable attorney's fees through trial in determining whether the amount in controversy exceeds $75,000. *See Lambert,* at *3, n. 3.

Here, it is reasonably certain that Plaintiffs' attorney fee claim will exceed at least $25,000 through trial. *See e.g. Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008) (denying Motion to Remand and finding that attorney's fees in a one count, breach of contract action would likely exceed $28,000); *see also Venture Inv. Props., LLC v. Scottsdale Ins. Co.*, No. 3:14-CV-1536-J-34PDB, 2017

U.S. Dist. LEXIS 140897, at *27 (M.D. Fla. Aug. 8, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 139643, at *1 (M.D. Fla. Aug. 30, 2017) (determining 783.1 hours expended by plaintiff's counsel was reasonable and awarding fees totaling $223,795 in an action for breach of contract claim against insurer regarding property damage claim arising from copper wiring theft from real property); *Lumpuy v. Scottsdale Ins. Co.*, No. 8:11-cv-2455-T-24 MAP, 2013 U.S. Dist. LEXIS 123703, at *12 (M.D. Fla. Aug. 29, 2013), *aff'd*, 580 Fed. Appx. 807 (11th Cir. 2014) (awarding $151,022.50 in attorney's fees in breach of contract claim regarding insurer's handling of sinkhole claim).

Accordingly, Plaintiffs' alleged damages, individually and in conjunction with the reasonable attorney's fees through trial, satisfies the amount in controversy requirement. It is clear by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000.[1] As such, because there is complete diversity and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction.

---

[1] To the extent this Court is not satisfied that the amount in controversy exceeds $75,000, Lexington respectfully requests leave to present summary judgment type evidence on this limited issue. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

## C.  Prayer

Wherefore, Defendant, Lexington Insurance Company, respectfully requests

that the action now pending against Lexington in the Circuit Court, in and for

Franklin County, Florida, be removed to the United States District Court, Northern

District of Florida, Tallahassee Division, and that this Court assume full jurisdiction

over the cause as provided by law, and grant such further relief that this Court deems

just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 30th day of August, 2019, the foregoing Lexington
Insurance Company Notice of Removal and supporting Memorandum of Law was
served this day on all counsel of record via electronic service and/or electronic mail:

S. Antonio Jimenez, Esq.
Diverse Legal Solution, A Law Firm
PO Box 279505, Miramar, Florida 33027
saj@diverselegalsolutions.com,
service@diverselegalsolutions.com
nicole@diverselegalsolutions.com

Respectfully submitted,

CLAUSEN MILLER, P.C.

By:     */s/ Thomas J. Moody*
        **THOMAS J. MOODY, ESQ.**
        Florida Bar No. 123618
        tmoody@clausen.com
        Clausen Miller P.C.
        4830 West Kennedy Boulevard, Suite 600
        Tampa, Florida 33609
        Tel: 312.606.7457

11

*Attorney for Defendant*
*Lexington Insurance Company*